# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAMONT MILLER,<br><br>                          Plaintiff,<br>  vs.<br>WILLIAM B. KOLANDER, et al.,<br><br>                         Defendant. | CASE NO. 01 CV 1061 JM (NLS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

      Plaintiff, a prisoner proceeding pro se, filed a § 1983 civil rights complaint on June 12, 2001. He claimed that he suffered racial segregation and overcrowding while housed at the South Bay Detention Facility, in violation of his constitutional rights. On August 29, 2001, the court dismissed the complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1). (Doc. no. 7.) Instead of filing an amended complaint, Plaintiff filed a notice of appeal. (See Doc. no. 9.) The Ninth Circuit dismissed the appeal for lack of jurisdiction because the order of dismissal was not a final and appealable order. (See Doc. nos. 12, 14.) On January 15, 2002, the court granted Plaintiff's motion to dismiss the action without prejudice so Plaintiff could appeal the earlier order of dismissal. (Doc. no. 14.)

      On April 18, 2008, the court rejected a document entitled "Motion for Leave of Court to File Belated Motion for Reconsideration" because the document failed to comply with the Civil Local Rules. (Doc. no. 19 (the "Discrepancy Order").) Plaintiff now moves for reconsideration of the Discrepancy Order. (Doc. no. 21.) He argues that the court should not have dismissed the action "in

1 light of" <u>Johnson v. California</u>, 543 U.S. 499 (2005). (Mot. at 2.) The court construes this motion as a motion to reconsider the 2001 order of dismissal, made final at Plaintiff's request in the January 15, 2002 order.

A district court may reconsider a final judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." <u>Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiff does not identify the rule under which he seeks reconsideration. Because a party seeking reconsideration under Rule 59(e) must file the motion no later than ten days after entry of judgment, Plaintiff cannot receive relief under Rule 59(e). Furthermore, "[a] motion under Rule 60(b) must be made within a reasonable time," and on some grounds no more than a year after entry of judgment. FRCP 60(c)(1). Plaintiff neither identifies a meritorious basis for relief under Rule 60(b) nor demonstrates that he moved for reconsideration "within a reasonable time." The court therefore **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

**DATED: August 5, 2008**

_____
**Hon. Jeffrey T. Miller**
**United States District Judge**